IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JAN 18 2012
CLERK, US DISTRICT COURT
NEWPORT NEWS, VA

UNITED STATES OF AMERICA,

v.  Criminal No. 4:11-cr-55

HENRY LEE TAYLOR, JR.; et al,
Defendants.

## OPINION AND ORDER

Pending before this Court are Defendant Edward Alphonse Hill's Motion to Withdraw as Counsel filed by counsel, Doc. 645, Defendant Bobbie Ray Edwards's Motion in Limine to Exclude Evidence of Other Bad Acts, Doc. 586, Motion for Separate Trials on Counts 23 & 24, Doc. 584, Motion to Sever, Docs. 386 & 582, and Motion to Continue, Doc. 384, and Defendant Bettina May Perry's Motion to Sever, Doc. 589, Motion to Strike Surplusage and Exclude Other Bad Acts, Doc. 591, and Motion for Discovery Preservation of Notes.

The Court held a hearing on this matter on January 9, 2012. After considering the briefing and oral argument, this Court grants in part and denies in part these motions for the reasons stated in open court and below.

### I. DEFENDANT HILL'S MOTION TO WITHDRAW

On January 5, 2012, counsel for Defendant Edward Hill filed a Motion to Withdraw as Counsel. In open court, the Court inquired into the nature of Benjamin Hamlet's representation of Mr. Hill. From this inquiry, the Court determined that Mr. Hamlet has made several attempts to meet with Mr. Hill to discuss and review discovery and the indictment. However, Mr. Hill was unwilling to discuss the discovery and indictment. Mr Hamlet told the Court that he has informed Mr. Hill about the seriousness of the offense charged and his constitutional rights in a

1

criminal proceeding. However, Mr. Hamlet has been unable to prepare for trial because Mr. Hill has refused to speak to him.

"[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez–Lopez*, 548 U.S. 140, 151 (2006) (citations omitted). However, if there is "a 'breakdown' of attorney-client communication so great that the principal purpose of the appointment—the mounting of an adequate defense incident to a fair trial—has been frustrated . . . the initial appointment [will] ha[ve] ceased to constitute Sixth Amendment assistance of counsel." *United States v. Smith*, 640 F.3d 580, 588 (4th Cir. 2011) (quoting *United States v. Gallup*, 838 F.2d 105,108 (4th Cir. 1988). "A total lack of communication is not required. Rather an examination of whether the extent of the breakdown prevents the ability to conduct an adequate defense is the necessary inquiry." *United States v. Johnson*, 114 F.3d 435, 443 (4th Cir. 1997).]

In determining whether the court should grant a motion to withdraw as counsel, the court considers three factors: (1) the motion's timeliness; (2) the adequacy of the court's inquiry regarding the reasons for the defendant's dissatisfaction with counsel; "and (3) 'whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense.'" *United States v. Smith*, 640 F.3d 580, 588, 590 (4th Cir. 2011); *see also United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994).

Additionally, when a motion to withdraw is granted, a continuance of the trial is often necessary. In order for a continuance to toll the Speedy Trial Act, the Court must find "'that the ends of justice served by . . . granting . . . [a] continuance outweigh the best interests of the public and the defendant in a speedy trial.'" *United States v. Henry*, 538 F.3d 300, 303 (4th Cir. 2008) (alterations in original) (quoting 18 U.S.C. § 3161(h)(8)). This is a balancing test that

examines "whether the case is complex or unusual, whether counsel need additional time to prepare effectively, and whether delay is necessary to ensure continuity of counsel." *Id.* at 303-04 (citation omitted).

The Court finds this factor favors granting the Motion to Withdraw. Counsel filed this motion a week before trial. Neither party believes any prejudice would arise if the Court were to grant a motion to withdraw and reset the trial date. Furthermore, at the hearing, Mr. Hill waived his constitutional rights regarding a delay in his trial resulting from this motion.

A defendant must show good cause for seeking withdrawal of counsel. *Mullen*, 32 F.3d at 895. "[T]he desire for a second opinion is an insufficient ground for substitution of counsel." *Lemay v. United States*, 1:06CV366, 2010 WL 5211452 at *13 (W.D.N.C. Dec. 6, 2010) (citing *Gallup*, 838 F.2d at 108). The Fourth Circuit directs district courts to inquire into the adequacy of a defendant's complaint. *Mullen*, 32 F.3d at 895.

At the hearing, the court inquired into why Mr. Hill lacked confidence in Mr. Hamlet. Mr. Hill testified that his lack of confidence in his attorney's ability to represent him was related to Mr. Hamlet "bringing him bad news" at each meeting, and the limited interaction he had with his attorney at the beginning of this case. Defendant also testified that his family was attempting to secure retained counsel. The Court informed Mr. Hill that Mr. Hamlet has a good record as defense attorney in federal courts, and that the proper role of a defense attorney includes sharing negative news. However, based on these representations by the Defendant, as well as the assertions presented by counsel at the hearing, the Court finds good cause to grant the Motion to Withdraw.

Under *Mullen*, if the total lack of communication prevents counsel from developing an adequate defense, withdrawal is warranted. 32 F.3d at 895. Mr. Hamlet asserts that Mr. Hill's

failure to cooperate with him has prevented him from providing an adequate defense. Mr. Hamlet has been unable to discuss Mr. Hill's version of events which led to the allegations in the indictment. The Court finds Mr. Hill's inability to obtain Mr. Hill's point of view regarding the allegations in the indictment to be a critical obstacle to developing an adequate defense. Therefore, the Court finds that the breakdown in communication was so severe that counsel was, and remains, unable to execute the responsibilities required of a zealous advocate for Mr. Hill.

In totality, the Court concludes that good cause exists to withdraw as counsel. Therefore, this motion is granted.

## II. DEFENDANT EDWARDS'S MOTION TO SEVER, MOTION FOR SEPARATE TRIAL, AND MOTION IN LIMINE

A. Motion To Sever

Defendant Edwards requests this court to exercise its discretionary power under Rule 14 of the Federal Rules of Criminal Procedure to sever his trial from the other co-defendants indicted in this case.

After reviewing the briefs and the superseding indictment, the Court denies Defendant's motion. There is adequate evidence to suggest that Mr. Edwards conspired with the other co-defendants named in the indictment. *See* Fed. R. Crim. P. 8(b). The Court finds that his alleged criminal activity is inextricably intertwined with the other co-defendants. The Court further finds that any potential prejudice from a joint trial can be cured with a limiting instruction to the jury. *Zafro v. United States*, 506 U.S. 534, 539 (1993).

B. Motion for Separate Trials

Defendant Edwards requests this court to sever the trial of Counts 23 and 24 from that of the other Counts in the superseding indictment. Count 23 involves the possession of a firearm in furtherance of a drug conspiracy. Count 24 involves the possession of guns by a convicted felon.

Edwards contends that he would be significantly prejudiced if his prior record is presented before the jury in the Government's case in chief.

After reviewing the briefs and the superseding indictment, the Court concludes that severance is inappropriate. Under Rule 8(a) of the Federal Rules of Criminal Procedure, joinder is proper if the separate counts are "of the same or similar character, or based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The Government's allegations contend that the Defendants used weapons to facilitate their drug ring and intimidate witnesses. Furthermore, the Fourth Circuit teaches the Court that drugs and guns are logically related because guns are a common "tool of the drug trade." *See United States v. Ward*, 171 F.3d 188, 195 (4th Cir. 1999). Therefore, Defendant's motion to sever is denied.

C. Motion in Limine to Exclude Evidence of Other Bad Acts

Defendant Edwards moves this Court to exclude from trial a photograph recovered from Edward's cellular phone. The picture at issue depicts this Defendant with a purported firearm. Defendant contends that this evidence should be excluded under Federal Rules of Evidence 403 and 404(b).

After reviewing the briefs and relevant case law, the Court denies the Motion in Limine to Exclude Evidence of Other Bad Acts. The Court finds that the photograph is evidence suggesting Edward's participation in the drug conspiracy. This evidence is relevant, and its probative value substantially outweighs any danger of unfair prejudice.

### III. DEFENDANT PERRY'S MOTIONS TO SEVER, STRIKE SURPLUSAGE FROM THE SUPERSEDING INDICTMENT, AND PRESERVE NOTES

Defendant Bettina May Perry moves this Court to sever her trial from the other defendants named in the indictment. Defendant Perry also moves this Court to strike paragraph 14 of Count

one, and exclude from trial all evidence concerning her alleged use and distribution of marijuana because the marijuana was not the object of the drug conspiracy named in the indictment.

After reviewing the briefs and case law, the Court finds that there is adequate evidence to suggest that Ms. Perry conspired with the other co-defendants named in the indictment. *See* Fed. R. Crim. Pr. 8(b). The Court also finds that Ms. Perry and her co-defendant's use and distribution of marijuana is inextricably intertwined with the evidence of heroin drug trafficking. Based on these reasons and those stated in open court, Defendant's Motions to Sever and Strike are denied. The Court also denies Ms. Perry's motion to preserve notes as moot. The Government has represented that the discovery notes will be preserved.

### IV. CONCLUSION

Based on the court's reasoning in open court and this Order,

**IT IS HEREBY ORDERED THAT** Defendant Edward Alphonse Hill's Motion to Withdraw As Counsel (Doc. 64) is **GRANTED**. The Clerk of the Court shall appoint new counsel for the defendant.

**IT IS FURTHER ORDERED** that the ends of justice are served by re-setting the trial date to accommodate the appointment of new counsel.

**IT IS ALSO ORDERED** that Defendant Edwards's Motions to Sever (Docs. 386 & 582), Motion for Separate Trial (Doc. 584), and Motion in Limine (Doc. 586) are **DENIED**.

**IT IS ALSO ORDERED** that Defendant Edward's Motion to Continue (Doc. 384) is **DENIED AS MOOT**.

**IT IS ALSO ORDERED** that Defendant Perry's Motion to Sever (Doc. 589), and Motion to Strike (Doc. 591), are **DENIED**.

IT IS ALSO ORDERED that Defendant Perry's Motion for Discovery (Doc. 593) is **DENIED AS MOOT**.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

*[signature]*
ARENDA L. WRIGHT ALLEN
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 19th, 2012